ALBERT RITCHIE and SAMUEL SNOWDEN, Trustees, *et al. vs.* PRISCILLA R. MUNDER, *et al.*

*Question whether a conveyance for the benefit of the creditors of a tenant in Common, authorizes the Trustees to institute proceedings against the Co-tenant for the sale of the entire estate for the purpose of a Partition under the Code, Art.* 16, *sec.* 99.

Two parties having an interest in an undivided half of the leasehold interest in a lot of ground conveyed their interest to trustees for the benefit of their creditors. By the terms of the deed the grantees were constituted trustees and attorneys with the rights and powers, and for the purposes declared therein. For the uses, trusts, intents and purposes specified in said deed, the trustees were authorized to sell the property *belonging to the grantors,* or so much as might be saleable whenever they should think proper and most conducive to the interests of the trust, at public or private sale and upon such terms as they might think proper. On a bill filed by the trustees, against their grantors and certain mortgagees of their grantors, and the party having an interest with the grantors in said undivided half, together with her husband, and against the owners of the other undivided interest for the sale of the entire leasehold estate in said property, alleging that it was not susceptible of equitable division, and that it would be advantageous to the parties to have the same sold and the proceeds divided, it was HELD :

1st. That the deed empowered the trustees to *sell the property of the parties therein mentioned,* according to their best discretion, for the benefit of the trust ; but it did not authorize them to institute such a proceeding as this to cause the interest of other parties in the same property to be also sold.

2nd. That such an authority was not warranted by any provision in the deed, nor could it be deduced by any proper construction thereof; and its exercise might result in great delay in the performance of the trust, and involve the same in burdensome expense not contemplated by the deed of trust.

APPEAL from the Circuit Court of Baltimore City.

This appeal was taken by the complainants from a decree of the Court below, (GILMOR, J ) dismissing their bill with costs. The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., BOWIE, STEWART, MILLER, ALVEY and ROBINSON, J.

*Albert Ritchie,* for the appellants.

*Samuel D. Schmucker,* for the appellees, Priscilla R. Munder and Fannie Munder.

STEWART, J., delivered the opinion of the Court.

It appears from the proceedings in this case, that George R. Dodge conveyed to Charles F. and Lewis F. Munder, the lot of ground in question; that Charles F. Munder, devised all his property to his wife, Priscilla R. Munder, during her natural life, and after her death to his five children, Fannie, Charles, William, Caroline and Norman Munder, all of whom are infants under the age of twenty-one years.

That Lewis F. Munder devised to his wife, Elizabeth, all his property during her natural life, and after her death to his two children, Maurice P. and Jane Catharine Munder, who has intermarried with J. William Middendorf.

That the said Elizabeth, Maurice and Jane, with her husband, on the 15th of June, 1875, executed a mortgage

of all their interest in the property to Thomas H. Hanson, to secure the payment of $12,000, and on the 15th of January, 1876, executed another mortgage on the same to J. Henry Snyder, to secure the payment of $4500.

That the said Elizabeth and Maurice P. Munder, trading as C. F. Munder & Brother, by deed of assignment of 21st February, 1876, conveyed to the appellants all their property in trust, for the benefit of their creditors, according to the terms of the said deed.

The bill was filed by these trustees for the sale of the property, alleging that it is not susceptible of equitable division ; and that it would be advantageous to the parties to have the same sold and the proceeds divided.

Priscilla R. Munder and her children the appellees, deny in their answer to the bill, that the property was incapable of equitable division ; and that it would be advantageous to the parties interested, to have the same sold and the proceeds thereof divided ; and that the complainants have any such interest therein as entitles them to institute such a proceeding as this, and to have a decree passed for the sale of the property.

From the proof in the record it seems, that the lot of ground in question, is improved by a warehouse, entirely covering the same, and is subject to a ground rent, and that it could not be divided advantageously, and that the sale of it, under existing circumstances, would result in loss and injury to the parties interested therein.

Under the 99th sec. of Art. 16 of the Code, the Court is authorized to decree a partition of any lands, or tenements, or any right or interest, or estate therein, legal or equitable, *on the bill or petition of any joint tenant, tenant in common, or any parcener, or any concurrent owner*, whether claiming by *descent* or *purchase ;* and if it appears that the property, right, interest or estate therein, cannot be divided without loss or injury to the parties, the Court may decree a sale thereof, and the division of the money

from the proceeds of such sale amongst the parties, according to their respective interest.

The deed of assignment filed as an exhibit with the bill from Elizabeth and Maurice P. Munder to the appellants, constituted them trustees and attorneys, with the rights and powers, and for the purpose declared therein, and which must govern them in the discharge of the duties thereunder.

For the uses, trusts, intents and purposes specified in the said deed, they were authorized to sell the property *belonging to the parties,* or so much as may be saleable, whenever they shall think proper, and most conducive to the interests of the trust, at public or private sale, and upon such terms as they may think proper.

The deed empowered the trustees to *sell the property of the parties therein mentioned,* according to their best discretion, for the benefit of the trust ; but it did not authorize them to institute such a proceeding as this, to cause the interest of other parties in the same property to be also sold.

Such authority is not warranted by any provision in the deed ; nor can it be deduced by any proper construction thereof, and its exercise might result in great delay in the performance of the trust, and involve the same in burdensome expense not contemplated by the deed of trust.

It follows that the Circuit Court committed no error in the dismissal of the bill.

*Decree affirmed.*

(Decided 16th May, 1878.)